### JABEZ MILLERSHIPP *v.* COMMONWEALTH.

**Criminal Law—Coffeehouse Licenses.**
>   While county courts, pursuant to the act of February 17, 1866, were authorized to take bonds of coffeehouse keepers, such courts were not authorized to grant coffeehouse licenses.

#### APPEAL FROM HANCOCK CRIMINAL COURT.

September 7, 1877.

OPINION BY JUDGE COFER:

The act of February 17, 1866, authorized county courts to take bonds of coffee house keepers, but did not authorize such courts to grant coffee house licenses. That it was not intended to confer upon county courts power to grant such licenses is manifested by the provision of Sec. 3 that licenses to coffee house keepers should only be granted by the persons and corporations authorized by then existing laws to grant them.

As that act conferred on county courts no power to grant licenses to coffee house keepers, its incorporation into the charter of Hawesville did not confer such authority on the county court of Hancock county. It could do no more than authorize the county court of that county to take bonds from such persons as were legally licensed by the trustees to keep coffee houses.

The trustees alone were authorized to grant a coffee house license, and then, if the act of 1866 is a part of the charter of Hawesville, before the licensee should presume to sell he should comply with that act. The trustees granted a license, but did not specify in such license that they granted the privilege to sell spirituous liquors. The county court specified the privilege in its order, but it had no authority to grant it, and its order in that particular is void.

The instructions given conformed to these views and the judgment must be *affirmed*.

*D. R. Murray, for appellant.   Moss, for appellee.*